RECEIVED
AUG 2 7 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| KEVIN JENKINS | CIVIL ACTION NO. 06-2217 |
| VERSUS | JUDGE DOHERTY |
| STAN WARE ENTERPRISES, INC., ET AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before the Court is an Appeal of the magistrate judge's Ruling denying plaintiff's "Motion for Leave to Amend Petition Under the Family Medical Leave Act" [Doc. 38].[1] Defendants Atchafalaya Provisions, Inc. and Stan Ware Enterprises, Inc. [hereinafter, "defendants"] filed a response [Doc. 40].[2] For the following reasons, this Court AFFIRMS the ruling of the magistrate judge.

**I. Factual Background and Procedural History**

Plaintiff was employed by defendants Stan Ware Enterprises, Inc. and Atchafalaya Provisions, Inc. in February 2006. Plaintiff alleges he became ill and took his first day off of work on February 9, 2006. On February 22, 2006, defendants terminated his employment. Plaintiff filed suit against the foregoing entities on November 20, 2006, alleging his termination was in violation of the Family and Medical Leave Act ("FMLA"), 28 U.S.C. §2601, *et seq.*, because the leave taken

---

[1] The magistrate judge's Memorandum Ruling and Order appear at Doc. 36.

[2] This Court notes that although the entities sued are *"Stan Ware Enterprises, Inc."* and *"Atchafalaya Provisions, Inc.,"* and these entities filed their answers to the complaint as *"Stan Ware Enterprises, Inc."* and *"Atchafalaya Provisions, Inc.,"* in their briefing associated with this appeal, these entities refer to themselves as *"Stan Ware Enterprises, L.L.C."* and *"Atchafalaya Provisions, L.L.C."*

was medically necessary. It appears plaintiff's claims against Stan Ware Enterprise, Inc. and Atchafalaya Provisions, Inc. are timely under the FMLA.

On February 25, 2008, plaintiff filed a "Motion for Leave to Amend Petition under the Family Medical Leave Act," seeking to add a new defendant, Fundamental Provisions, L.L.C. [Doc. 14]. The motion is quite spartan, alleging only that plaintiff be permitted the "opportunity to amend his petition to include an additional defendant who is liable to him under the [FMLA]." No additional supporting information is provided. Defendants opposed the motion [Doc. 18].

On April 4, 2008, the magistrate judge denied the motion on several grounds [Doc. 20]. First, the magistrate judge noted the claims plaintiff sought to be alleged against Fundamental Provisions were prescribed, as follows:

> Generally, "an action may be brought under [the FMLA] not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. §2617(c)(1). If, however, the action brought is "for a willful violation of section 105 [29 U.S.C. § 2615], such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C. §2617(c)(2). Here, plaintiff did not bring an action for willful violation of §105. Thus, plaintiff's claims are subject to the two year statute of limitations. The complaint provides two dates for plaintiff's termination – February 9, 2006 (¶ 3 of Rec. Doc. 1), and February 22, 2006 (¶ 6 of Rec. Doc. 1). Using either of these dates, however, shows that plaintiff's motion for leave to amend, filed on February 25, 2008 was untimely.

The magistrate judge also observed the plaintiff had provided no evidence that the "relation back" provisions of Rule 15(c) of the Federal Rule of Civil Procedure should be applied, as plaintiff had not offered any evidence supporting relation back. Finally, the magistrate judge noted the prejudice to Fundamental Provisions would be great, as the case had been pending for more than 16 months and trial at that time was scheduled on July 7, 2008, only three months away from the date of the magistrate judge's ruling. The magistrate further observed "nothing prevented plaintiff from

2

naming Fundamental Provisions as a defendant in the original complaint."

Plaintiff did not object to the ruling or otherwise appeal the matter to this Court. Rather, some six weeks later on May 23, 2008, plaintiff filed a second "Motion for Leave to Amend Petition Under the Family Medical Leave Act" [Doc. 26], *again* seeking to add Fundamental Provisions, L.L.C. as a party defendant, and also seeking to add Stanley W. Ware, *individually*, as the owner of Stan Ware Enterprises, Inc., Atchafalaya Provisions, Inc., and Fundamental Provisions, L.L.C. In that motion, plaintiff alleged the additional defendants "are liable *in solido* with the already named defendants in this matter as integrated enterprises." The plaintiff further alleged the motion was timely, as the motion was filed before the scheduling order deadline for amendment of pleadings.[3]

On June 19, 2008, plaintiff filed an additional "Memorandum in Support of Motion for Leave to Amend." [Doc. 32]. The main purpose of the memorandum appears to be to bring to the magistrate judge's attention a case decided in the Middle District of Louisiana entitled *Thompson v. Sysco Corp.*, 2008 WL 65582 (M.D. La. January 4, 2008).

With regard to the *Thompson* case, the plaintiff alleges:

> Notwithstanding the fact that Mr. Jenkins' original petition was filed timely, it should be noted that the United States District Court for the Middle District of Louisiana recently held in, Thompson v. Sysco Corp., 2008 WL 65582 (M.D.La.); that where the plaintiff filed a motion for leave to amend his complaint to add multiple Sysco subsidiaries, who "share interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control such that they collectively constitute a 'single business enterprise' and the scheduling order deadline for amendment of pleadings had not yet passed at the time of the request for leave to amend; the leave to amend pleadings is governed by the liberal

---

[3] This Court notes that in between the magistrate judge's ruling on the first motion for leave to amend complaint and the filing of the plaintiff's second motion for leave to amend complaint, this Court conducted a telephone status conference with counsel after defendants filed a motion for summary judgment approximately one month after the dispositive motion deadline. It being apparent at that conference that a continuance was necessary, the court continued the trial date and the parties were given a new scheduling order containing new pre-trial deadlines. See Minutes of Telephone Status Conference, Doc. 24, and Doc. 25.

standard of Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given when justice so requires; therefore, the plaintiff was allowed to name as additional defendants the business entities that he/she alleged are related to and form a single business enterprise with Sysco Corporation.[4]

Review of plaintiff's second motion to amend shows that nowhere in the motion does plaintiff cite to or refer to Rule 15(c) or otherwise argue the relation back of his requested amendment. Rather, the plaintiff relies solely on the *Thompson* decision, arguing it "mirrors" the instant case. Plaintiff further alleges "the defendants that have already been named in this suit, Stan Ware Enterprises and Atchafalaya Provisions, and the parties that Mr. Jenkins wishes to add, Stan Ware individually (the owner of each one of these business entities) and Fundamental Provisions 'share interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control such that they collectively constitute a 'single business enterprise.'"[5]

In her ruling denying plaintiff's second motion for leave to amend complaint, the magistrate judge again pointed out the claims sought to be added against the proposed new defendants had prescribed under the FMLA [Doc. 36]. Thus, the magistrate held the requested amendment would be futile. The magistrate judge further noted although a plaintiff may avoid the statute of limitations through relation back under Rule 15(c), the plaintiff had not satisfied the relation back requirements of Rule 15(c).

Plaintiff filed the instant appeal on July 17, 2008. For the first time on appeal, plaintiff alleges his motion to amend should have been granted because the requested amendment relates

---

[4] The *Thompson* case will be discussed in detail in a later section of this ruling.

[5] See Doc. 32.

4

back to the filing to the original complaint. Thus, the plaintiff contends the claims against the "new" defendants have not prescribed. Plaintiff also alleges his motion to amend should have been granted because it was filed before the scheduling order deadline for amendment of pleadings. In support of these arguments, the plaintiff provides significantly more factual support and evidence for his motion than was presented to the magistrate judge. Notwithstanding the foregoing, this Court concludes plaintiff's arguments are not supported by the jurisprudence.

## II. Law and Analysis

### A. Standard of Review

With some exceptions inapplicable for purposes of this motion, a magistrate judge may hear and determine any pre-trial matter pending before a district court. 28 U.S.C. §636(b)(1). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See* Fed. R. Civ. P.72(a). With regard to a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision demonstrates that the magistrate's determination was clearly erroneous or contrary to law. *Id; Castillo v. Frank*, 70 F.3d, 382, 385-86 (5th Cir. 1995).

### B. Law on Relation Back of Amendments

Leave to amend generally should be granted absent some justification for refusal such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). An amended pleading is "futile" if it would fail to state a claim under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir.2000). A

motion for leave should not be denied, however, "unless there is a substantial reason to do so." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994).

In the instant case, the amendment sought is futile because the claims against the "new" defendants have prescribed. *See, e.g., Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (amendment is futile if claim sought to be added is prescribed). Under the FMLA, plaintiff had two years from February 9, 2006, the date of the last event constituting a violation of the FMLA, to bring the claims against Stanley W. Ware, individually, and Fundamental Provisions, L.L.C., and therefore, plaintiff's motion for leave to amend seeks to add claims that are untimely.[6] Therefore, contrary to the argument of the plaintiff, the claims plaintiff seeks to add are, in fact, prescribed. Notwithstanding the futility of the amendment, the claims sought to be added *may* be added if they relate back to the date of the original filing.

Relation back is governed by Rule 15(c), which states:

**(c) Relation Back of Amendments**

**(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons

---

[6] As the magistrate judge noted, the complaint provides two dates for plaintiff's termination – February 9, 2006 (¶ 3 of Rec. Doc. 1), and February 22, 2006 (¶ 6 of Rec. Doc. 1). Using either of these dates, however, shows that plaintiff's motion for leave to amend, filed on February 25, 2008 was untimely.

and complaint [i.e., within 120 days following the filing of the complaint], the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

This Court observes although Rule 15(c)(3) refers only to the *changing or substitution* of parties – and not the *addition* of parties – the Fifth Circuit has applied the rule in circumstances where a new defendant is sought be added. *See, e.g., Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 806-07 (5th Cir. 2006).

Pursuant to the current, amended version of Rule 15(c) and the Supreme Court's interpretation of this rule in *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986), relation back is governed by four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleadings; (2) the added party must have received sufficient notice that it would not be prejudiced in maintaining its defense; (3) the added party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown. *Jacobsen*, 133 F.3d at 320, *citing Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992).[7] Because plaintiff fails to satisfy all four factors, his request for amendment must

---

[7] It is unclear to this Court which provision of Rule 15(c) plaintiff is alleging is applicable in this matter. Plaintiff alleges his "new" claims relate back to his original claims "pursuant to Federal Rule of Civil Procedure 15(c)(3)." However, no such provision exists. This Court assumes plaintiff is arguing the amendment of his complaint is permitted under Rule 15(c)(1)(C).

be denied.

### C. Analysis

First, this Court notes plaintiff's argument he filed his second motion to amend before the deadline for amendment of pleadings is not controlling. Indeed, as the claims plaintiff seeks to add are prescribed, the fact that plaintiff seeks to add those claims before the scheduling order deadline for amendment is of no moment. Plaintiff must satisfy all four relation back factors in order to render his requested amendment not futile.

With respect to the relation back factors, plaintiff appears to satisfy the first factor, that is, it appears the basic claims sought to be added arise out of the conduct set forth in the original pleadings. Plaintiff claims the "new" defendants are liable *in solido* – an issue this Court need not address at this juncture – with the defendants already named in the lawsuit, all presumably for plaintiff's allegedly improper discharge in violation of the FMLA. Therefore, the Court concludes, for these purposes only and relying on plaintiff's allegations only, the "new" claims arise out of the conduct set forth in the original pleadings.

The second issue is notice. The Fifth Circuit has stated it will infer notice if there is an "identity of interest" between the original defendant and the defendant sought to be added or substituted. *Jacobsen*, 133 F.3d at 320, *citing Moore v. Long*, 924 F.2d 586, 588 (5th Cir. 1991); *Kirk v. Cronvich*, 629 F.2d 404, 407-08 (5th Cir.1980). "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Jacobsen*, 133 F.3d at 320, citing *Kirk*, 629 F.2d at 408 n.4 (internal quotations and citation omitted). In this regard, notice may be imputed to the new party through shared counsel. *Barkins v. International Inns, Inc.*, 825 F.2d

905, 907 (5th Cir.1987); *Hendrix v. Memorial Hosp. of Galveston County*, 776 F.2d 1255, 1257-58 (5th Cir.1985).

With respect to identity of interest the plaintiff argues:

> It should be noted that the defendants that have already been named in this suit, Stan Ware Enterprises and Atchafalaya Provisions, and the parties Mr. Jenkins wishes to add, Stan Ware individually (the owner of each of these business entities) and Fundamental Provisions "share interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control such that they collectively constitute a 'single business enterprise.' *Although this fact was not known to the Plaintiff upon the institution of this suit, it became apparent at the depositions, which were taken under oath, of Mr. Stanley W. Ware and Mr. Marlon Field.*[8]

Plaintiff goes on to allege Fundamental Provisions managed the stores under Atchafalaya Provisions, and owned its own stores as well, just as Atchafalaya Provisions did. Additionally, plaintiff alleges the "new" defendants had notice of the lawsuit because Stanley Ware – sought to be added as an individual defendant – is the agent for service of process for all three business entities. Thus, plaintiff argues, Mr. Ware should have had notice of the lawsuit within 120 days of the filing of the lawsuit. Despite these allegations, this Court need not determine whether the parties sought to be brought in by amendment had sufficient notice of the action, as the Court concludes plaintiff fails to satisfy the third factor, that is, mistake.

The Fifth Circuit has held the failure to name a party as a defendant in a lawsuit because of a lack of knowledge of the identity of the party is not a mistake for purposes of Rule 15(c). In *Jacobsen*, the Fifth Circuit discussed the manner in which other circuits have addressed this issue and quoted with approval the language of the Second Circuit in *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469 (2nd Cir.1995), *as modified by* 74 F.3d 1366 (2nd Cir.1996), as follows:

---

[8] See plaintiff's Statement of Appeal, Doc. 38, at p. 4.

> Rule 15(c) does not allow an amended complaint adding new defendants to relate back *if the newly-added defendants were not named originally because the plaintiff did not know their identities.* This result is necessitated by the goals of relation-back and Rule 15(c)(3): to correct a *mistake* concerning the identity of a party. The Second Circuit reasoned that failing to identify individual defendants cannot be characterized as a mistake.

*cited in Jacobsen*, 133 F.3d at 321(internal citations omitted) (emphasis added). *See also Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir.1993) (where plaintiff sued "unknown named police officers," and after limitations had run, plaintiff moved to substitute as defendants the two officers involved in his arrest, the Seventh Circuit held that because plaintiff's failure to name correct officers *was due to a lack of knowledge as to their identity, and not a mistake in their names*, plaintiff was prevented from availing himself of the relation back doctrine of Rule 15(c)). Indeed, in *Wilson v. United States Government*, 23 F.3d 559, 562-63 (1st Cir.1994), a case cited with approval by the Fifth Circuit, the First Circuit held relation back is not allowed when the plaintiff simply lacks knowledge of the proper part, to wit:

> [T]here was no 'mistake concerning the identity of the proper party,' as required by Rule 15(c)(3). Rather, *Wilson merely lacked knowledge of the proper party.* In other words, Wilson fully intended to sue [a particular party], he did so, and [that party] turned out to be the wrong party. We have no doubt that Rule 15(c) is not designed to remedy such mistakes.

*Wilson*, 23 F.3d at 562-63 (emphasis added), *cited in Jacobsen*, 133 F.3d at 321.

Here, plaintiff admits it is clear on the face of the record the plaintiff meant to sue Stan Ware Enterprises, Inc. and Atchafalaya Provisions, Inc., and that naming these corporate entities as party defendants was no mistake. As the jurisprudence makes clear, relation back under Rule 15(c) is not permitted when the plaintiff simply lacks knowledge of the proper party. Therefore, relation back is not permitted to remedy plaintiff's failure to name Stanley W. Ware, individually, and

10

Fundamental Provisions in the original complaint.

This Court's conclusion is not altered by its reading of the *Thompson* case, which this Court notes is a case from another district court and therefore, not binding on this court and also, concludes is significantly distinguishable from the facts of this case. In*Thompson*, plaintiff filed suit in federal court alleging his employer, Sysco Corporation, discharged him in violation of, *inter alia*, the FMLA and the Louisiana Employment Discrimination Law ("LEDL"). Defendant filed a motion to dismiss, or for summary judgment, arguing plaintiff's claims under the FMLA and LEDL should be dismissed because (1) plaintiff did not qualify as an eligible employee under the FMLA; (2) defendant was not an employer under the LEDL; and (3) plaintiff's LEDL claims had prescribed. *Thompson*, 2008 WL 65582, *1. In opposition to the motion to dismiss, plaintiff filed a motion for leave to amend his complaint to add multiple Sysco subsidiaries, who "share interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control such that they collectively constitute a 'single business enterprise.'"[9] *Id.* at *2. Plaintiff argued he worked for this business enterprise, and that this business enterprise employed a sufficient number of employees in the requisite geographic vicinity to afford coverage to the plaintiff under both the FMLA and the LEDL. *Id.*

In ruling on the motion to amend, the district court noted the scheduling order deadline for amendment of pleadings had not passed at the time of the request for leave to amend. Therefore, the court observed leave to amend plaintiff's pleadings was governed by the liberal standard of Federal Rule of Civil Procedure 15(a), which states leave to amend "shall be freely given when justice so

---

[9] Interestingly, the plaintiff uses the exact same language as that employed by the court in *Thompson* in describing the interrelation of business relationships among the corporate entities in this case.

11

requires." *Id.* at *4. Consequently, the Court held plaintiff "should be allowed to name as additional defendants the business entities that it alleges are related to and form a single business enterprise with Sysco Corporation." *Id.*

What the plaintiff does not include in his discussion is that portion of the ruling wherein the Court stated plaintiff *did not oppose Sysco's "motion to dismiss the LEDL claims on the basis of prescription." Id.* This statement suggests *the FMLA claims sought to be added in the Thompson case had not prescribed,* as they have in this case. Rather, in *Thompson,* Sysco sought to dismiss plaintiff's *LEDL* claims on grounds those claims had prescribed, not plaintiff's FMLA claims. For that reason, the Middle District of Louisiana analyzed plaintiff's motion to amend under the liberal standard of Rule 15(a), rather than the narrower relation back provisions of Rule 15(c). In the instant case, the plaintiff's FMLA claims have prescribed, and it is *this* fact that requires the Rule 15(c) relation back analysis. Clearly, the *Thompson* case is inapposite to the instant case. The plaintiff is correct that the liberal standard for amendments is applied when a party seeks to add claims and/or defendants before the scheduling order deadline for amendments has passed, and if the claims have not prescribed. When the claims *have* prescribed, as this court has previously stated, the requested amendment is futile and the claims can only be added if the plaintiff satisfies the relation back factors of Rule 15(c). Thus, plaintiff's reliance on Rule 15(a) and the *Thompson* case is misplaced, as the *Thompson* case applies a standard that is inapplicable in the instant case. Additionally, for the reasons stated herein, plaintiff fails to satisfy the relation back factors of Rule 15(c), therefore, his reliance on that section of the statute is similarly without merit.

Therefore, after consideration of the foregoing legal standards and the evidence presented, this Court concludes plaintiff does not satisfy the relation back requirements of Rule 15(c), even after

the presentation of new evidence and argument to this Court on appeal. Consequently, this Court concludes the ruling of the magistrate judge is not clearly erroneous or contrary to law, and this Court AFFIRMS the magistrate judge's decision denying plaintiff's second "Motion for Leave to Amend Petition Under the Family Medical Leave Act."

THUS DONE AND SIGNED in Lafayette, Louisiana, this __27__ day of August, 2008.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE