RECEIVED
NOV 21 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| KEVIN JENKINS | CIVIL ACTION NO. 06-2217 |
| VERSUS | JUDGE DOHERTY |
| STAN WARE ENTERPRISES, INC., ET AL. | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment filed by defendants Atchafalaya Provisions, Inc. and Stan Ware Enterprises, Inc. ("defendants") [Doc. 45].[1] In their motion, defendants contend the plaintiff is not an "eligible employee" under the Family Medical Leave Act ("FMLA" or "the Act") because he was an employee of Atchafalaya Provisions only, which employed only twenty-seven people at the time of the plaintiff's discharge in February 2006. Therefore, defendants contend pursuant to 29 U.S.C. §2611(2)(B)(ii), the plaintiff is not an "eligible employee" under the Act -- and Atchafalaya Provisions is not an "employer" under the Act – and plaintiff, therefore, is not entitled to any recovery under the Act.

The plaintiff did not timely file an opposition brief, but rather, on October 15, 2008, filed a Motion for Leave to File a Memorandum in Opposition to Defendants' Motion for Summary

---

[1] The Court notes the plaintiff sued the corporate entities "Atchafalaya Provisions, Inc." and "Stan Ware Enterprises, Inc." In their answer, the answering entities also referred to themselves as "Atchafalaya Provisions, Inc." and "Stan Ware Enterprises, Inc." However, the instant motion for summary judgment is filed by "Atchafalaya Provisions, L.L.C. (formerly known as Atchafalaya Provisions, Inc." and "S-Ware Enterprises, L.L.C. (referred to in Defendant's Complaint as S-Ware Enterprises, Inc.")."

The Court is perplexed by the defendants' reference to the "Defendant's Complaint," and further notes the plaintiff did not sue an entity known as "S-Ware Enterprises, Inc."

Despite the confusion concerning the proper naming of the defendants, as neither party disputes the entities filing the instant motion for summary judgment are the same entities that were sued in – and answered – the original complaint, this Court will adjudicate the motion on behalf of the corporate entities listed in the pleadings.

Judgment [Doc. 48], on grounds plaintiff's counsel's practice was adversely affected by Hurricane Gustav and plaintiff's counsel was unable to timely file his opposition brief. For the following reasons, plaintiff's Motion for Leave to File a Memorandum in Opposition to Defendants' Motion for Summary Judgment [Doc. 48] is GRANTED, however defendants' Motion for Summary Judgment [Doc. 45] is GRANTED as well, and plaintiff's claims against defendants will be DISMISSED WITH PREJUDICE.

I. **Factual Background and Procedural History**

Plaintiff was employed by defendant Atchafalaya Provisions, Inc. in February 2006. The nature of plaintiff's employment with the company is not defined in the Complaint, nor is it discussed in the briefing submitted by either party in connection with the instant motion. In its motion for summary judgment, Atchafalaya Provisions states it owns one Popeye's franchise. Although the following assumption will be explained in more detail in the portion of this ruling addressing the substance of the instant motion, this Court will assume for purposes of this motion only – although it has not been clarified by the parties – that plaintiff worked in some capacity in that Popeye's franchise. Plaintiff alleges he became ill and took his first day off of work on February 9, 2006. On February 22, 2006, Atchafalaya Provisions terminated plaintiff's employment.

Plaintiff filed suit against Atchafalaya Provisions, Inc. and Stan Ware Enterprises, Inc. on November 20, 2006, alleging he was employed by *both* entities on February 9, 2006, and that he was wrongly terminated because "all medical leave taken herein was medically necessary." [2] In his Complaint, plaintiff alleges "[a]s an employee of Stan Ware Enterprises, Inc. the plaintiff likewise was entitled to bonuses, vacations and life insurance. As a result of being terminated, he lost all

---

[2] *See* plaintiff's Complaint, Doc. 1, ¶ 7.

2

benefits provided through his employment as well as his weekly salary." Plaintiff seeks the following relief:

8.

**Plaintiff herein now shows that as a result of unlawful behavior of Stan Ware Enterprises and its employees, plaintiff lost:**

1. **The sum of $750.00 per week in wages**
2. **Suffered emotional distress and hardship due to loss of employment.**
3. **Loss of bonuses**
4. **Loss of vacation time**
5. **Loss of life insurance**
6. **Medical expenses to Dr. Garcia totaling $1,138.00**
7. **Medical expenses to Dr. Dauterive Hospital totaling $73.99**
8. **Medical expenses to Radiology Associates of Acadiana totaling $21.60**
9. **Medical expenses to Wal-mart pharmacy totaling $49.94**
10. **All attorneys fees incurred as a result of having to prosecute this matter through the courts.**

9.

**Plaintiff herein now show [sic] that under the Family Medical Leave Act he is entitled to 25% attorney fees for having to prosecute this matter through court and he herein makes the demand for the same from the defendant.**[3]

Notably, in his Complaint, the plaintiff does not specifically allege the defendants violated the FMLA. He merely references the FMLA in seeking the foregoing various aspects of relief. Notwithstanding the foregoing, it appears the only claims alleged by the plaintiff against defendants are claims for various forms of relief – including lost wages, benefits, and medical expenses – for defendants' alleged violation of the FMLA.[4]

---

[3] *Id.* at ¶¶ 8 & 9.

[4] This Court also notes the numerous attempts by the plaintiff to amend his complaint in this matter to add Mr. Stanley Ware, individually, as well as another corporate entity apparently owned by Mr. Ware, as party defendants. The plaintiff's most recent attempt to add these new defendants was denied by the magistrate judge. See

3

On September 19, 2008, defendants filed the instant motion for summary judgment seeking dismissal of all of plaintiff's claims on grounds plaintiff is not an "eligible employee" under the FMLA and Atchafalaya Provisions is not an "employer" subject to the provisions of the FMLA. Consequently, defendants contend plaintiff is entitled to no relief under the Act, all for the reasons more fully set forth hereinbelow.

## II.   Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. PROC. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. PROC. 56(e).

As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial,

---

Doc. 54. The plaintiff did not timely appeal that ruling to this Court, therefore the motion for summary judgment, which was pending before the plaintiff's most recently-filed motion to amend, is now ripe for adjudication.

4

the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also*, *Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

> The plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."
>
> . . . .
>
> . . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the

5

> nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

### III. Plaintiff's Motion for Leave to File a Memorandum in Opposition to Defendants' Motion for Summary Judgment [Doc. 48]

Plaintiff's counsel states due to the aftermath of Hurricane Gustav, he has been "severely backed up" but has nevertheless made "a diligent effort to timely forward documents to various courts." Plaintiff seeks leave to file his opposition brief, which is untimely, due to the foregoing constraints. Defendants do not oppose plaintiff's motion.

Considering the hardships encountered by plaintiff's counsel due to Hurricane Gustav, this Court concludes plaintiff's counsel demonstrates good cause for his failure to timely file his opposition brief. There further being no objection to the untimely filing of plaintiff's opposition brief, it is hereby ORDERED that plaintiff's Motion for Leave to File a Memorandum in Opposition to Defendants' Motion for Summary Judgment [Doc. 48] is GRANTED, and the brief is hereby filed

into the record.

## IV. Motion for Summary Judgment [Doc. 45]

The Court is making the foregoing assumptions because neither party asserts nor disputes that the plaintiff did *not* work *at* the Popeye's franchise owned by Atchafalaya Provisions; indeed, neither party addresses *where* the plaintiff actually worked. However, each of the parties' argument operates upon this assumption. Additionally, neither party disputes that Atchafalaya Provisions did not employ more than 27 employees.

Thus, the Court has made the following two assumptions for purposes of this ruling only: (1) the plaintiff worked *at* the Popeye's franchise owned by Atchafalaya Provisions, and (2) this single franchise employed only 27 people, whether those people were located at the location of the franchise itself or elsewhere. This Court accepts these assumptions as Atchafalaya Provisions focuses its argument on two facts: (1) plaintiff was employed *only* by Atchafalaya Provisions, and (2) Atchafalaya Provisions employed *only* 27 people at the relevant time period, and plaintiff does not dispute these assumptions, rather plaintiff's argument operates upon these assumptions as well.[5]

In the instant motion for summary judgment, defendants contend the plaintiff was at no time employed by Stan Ware Enterprises, Inc., but rather, was employed at all times by Atchafalaya Provisions, which is a legal entity existing totally separate and apart from Stan Ware Enterprises, Inc. Additionally, defendants contend Atchafalaya Provisions owned only one Popeye's franchise at the relevant time in this litigation, and that in February 2006, when plaintiff was terminated, Atchafalaya

---

[5]**Nevertheless, should either of the foregoing assumptions be erroneous, the parties have five days from the date of issuance of this ruling to notify this Court of same. Any party wishing to challenge the assumptions shall present an evidentiary basis to support his position. If neither party presents evidence disputing the underlying assumption within 5 days, this Court will enter judgment.**

7

Provisions had only twenty-seven employees, *"both [sic] within a 75 mile radius and beyond."* Although the defendant does not specifically so state, this Court will assume for purposes of this motion only that in referencing a "75 mile radius," the defendants are arguing Atchafalaya Provisions employs less than 50 people within a 75-mile radius *from the plaintiff's worksite*, which as noted – the Court assumes for purposes of this motion only, was the Popeye's franchise owned by Atchafalaya Provisions. Thus, defendants appear to contend Atchafalaya Provisions employed "less than 50 employees" within 75 miles of the plaintiff's worksite, and plaintiff, therefore, is not an "eligible employee" under the Act. Consequently, defendants contend they are entitled to summary judgment on all of plaintiff's claims.

The FMLA entitles eligible employees of covered employers to take up to twelve weeks of unpaid, job-protected leave each year due to, *inter alia*, the birth or adoption of a child, to care for a family member, or because of a serious health condition. 29 U.S.C. §2612(a)(1). The term "eligible employee" does not include:

> any employee of any employer who is employed at a worksite at which the employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. §2611(2)(B)(ii).[6] The foregoing provision is called the "50-75" rule.

Pursuant to the provisions of the FMLA, the Department of Labor has prescribed such

---

[6] 29 U.S.C. 2611(2)(B)(ii) states the following:

> (B) Exclusions
> The term "eligible employee" does not include—
> (ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

*See also Bellum v. PCE Constructors*, 407 F.3d 734, 739-740 (5th Cir. 2005)(holding that the 75 miles is measured in surface miles, not as the crow flies.).

regulations as are necessary to carry out the FMLA. 29 U.S.C. §2654. Pursuant to the regulations, where a worker has no fixed worksite, the regulations define the worksite as the site assigned as the worker's home base, the site from which his or her work is assigned, or the site to which he or she reports. *See* 29 C.F.R. §825.111(a)(2).

In response to defendants' contentions in the instant motion, the plaintiff does not dispute that he was *not* employed by Stan Ware Enterprises, Inc., nor does he dispute the number of employees employed by Atchafalaya Provisions within a 75-mile radius from the worksite (again, presumed by this Court to be the identified Popeye's restaurant). Rather, in response to the motion, the plaintiff lists the following *questions* as "genuine issues of material fact" and argues erroneously the fact these questions have not been answered precludes summary judgment in this matter:

1. Do the defendant's [sic] have common management?
2. Is there interrelation between operations?
3. Is there centralized control of labor relations?
4. Is there a degree of common ownership/financial control?
5. Are the defendants considered an integrated enterprise, such that they may be considered a single employer under the FMLA?
6. If the defendants are considered an integrated enterprise, when their employees are aggregated, do they have more than 50 employees within a 75-mile radius of the plaintiff's worksite?
7. Did the Defendant's willfully violate the FMLA?

The only argument advanced by the plaintiff in opposition to the motion is the following:

> The defendants have failed to show that there are no genuine issues of material fact in their motion and/or their memorandum in support thereof. In fact, they merely scratch the surface of the real issues involved in this matter. They have clearly established by virtue of their attached exhibits, that Mr. Stanley W. Ware is the owner of each corporate entity; but, they fail to address the true interlocking of these corporate entities. While, it is a fact that these entities are separate in nature, as they each have their own name and individual articles of organization; however, the issue remains, considering all the aforementioned "genuine issues of material fact": Do these entities work together, such that they essentially form an integrated enterprise under FMLA? This very issue definitely needs to be resolved prior to the dismissal

of the plaintiff's action.[7]

The essence of plaintiff's argument is that Stan Ware Enterprises and Atchafalaya Provisions – by virtue of their common ownership by Mr. Stanley Ware – are "integrated enterprises" under the FMLA. What relevance such a fact – if proven – might have under the act is not explained. From a factual standpoint, this Court notes the plaintiff has put forth no evidence demonstrating the companies are, indeed, "integrated enterprises" to meet defendant's evidence that they are not. Furthermore, what *legal* significance this fact might have – if this fact were actually demonstrated by the evidence, which this Court concludes it is not – and the impact of such factual information on the *legal* issues before the Court has not been explained to the Court by the plaintiff. The plaintiff, also, does not advance an argument that he is, indeed, an eligible employee under the FMLA, which is the specific ground upon which the defendants are seeking dismissal of plaintiff's claims. Simply put, the plaintiff has provided no factual or legal support for a contention the FMLA *is* applicable in this matter in response to defendants' arguments and evidence it is *not* applicable. Rather, plaintiff has only posed several *questions* in response to defendant's motion. The plaintiff's opposition brief is in no way adequate to defeat the otherwise valid and properly supported summary judgment motion filed by defendants.

Rule 56(c) *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Lujan v. National Wildlife Federation*, 497

---

[7] *See* plaintiff's Opposition Brief, at pp. 2-3.

U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Here, considering the evidence and applicable law, and drawing all reasonable inferences in favor of the non-moving party, this Court concludes plaintiff has failed to carry his burden to meet defendants' well-reasoned and supported motion by demonstrating by competent evidence the existence of a genuine issue of material fact warranting trial against defendants under any theory of law presented. Consequently, defendants' motion for summary judgment [Doc. 45] requesting this Court dismiss plaintiff's claims against defendants, which arise under the Family and Medical Leave Act, is GRANTED in its entirety, and those claims are to be DISMISSED WITH PREJUDICE in 5 days of this date unless the clerk is otherwise instructed by this Court.

IT IS FURTHER ORDERED that the parties have five days from the date of issuance of this Ruling to notify this Court if either of the following assumptions are erroneous: (1) the plaintiff worked *at* the Popeye's franchise owned by Atchafalaya Provisions, and/or (2) this single franchise employed only 27 people, whether those people were located at the location of the franchise itself or elsewhere. Any party challenging the Court's assumptions shall present an evidentiary basis to support his position. Notice must be **received by** this Court within 5 days. If neither party presents any evidence within 5 days, this Court will enter judgment in this matter in favor of defendants.

Additionally, it is ORDERED that, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, as the non-prevailing party, costs are to be borne by the plaintiff in this matter.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _21_ day of November, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

11